# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-96-CR-182 JRN** |
| | § | |
| **MARCO ANTONIO FLORES** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE JAMES R. NOWLIN
        SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.

The Court conducted a hearing on July 15, 2009, and heard arguments from all of the parties

with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of

supervised release.

## I. PROCEDURAL BACKGROUND

On April 10, 1997, the Defendant was sentenced to 188 months of imprisonment (later

reduced to 151 months), followed by 8 years of supervised release, for possession with intent to

distribute marijuana (enhanced by two prior drug trafficking convictions), in violation of 21 U.S.C.

§ 841. The Defendant's supervision commenced on November 1, 2007. Because the Defendant's

immigration status was unclear, he was released from the B.O.P. into the custody of Immigration and

Customs Enforcement on a detainer. It was eventually determined that the Defendant is a naturalized

U.S. citizen, and the Defendant was released from custody. He appeared to perform well on

supervision until December 2008, when he was contacted by APD officers with regard to an investigation that had commenced in 1996 for aggravated sexual assault of a child. That investigation had been underway when the Defendant was arrested and sentenced in this case, but was then put on hold during the Defendant's incarceration. In 2008, when the victim in that case became aware that the Defendant was out of prison, she contacted the Travis County DA's office and requested that they re-initiate their prosecution. They did so, and as part of that investigation APD detectives arranged to interview the Defendant. Before that happened, the Defendant ceased reporting to the Probation Office in this case, failed to provide urinalysis samples and absconded. A warrant for the Defendant's arrest for these violations was issued on February 26, 2009.[1]

On April 20, 2009, the Defendant was arrested in Miami Beach, Florida and charged with possession of cocaine. The Defendant pled guilty to that offense, and was sentenced to a 20-day sentence. He was then transferred into federal custody, and committed to this District.

On July 16, 2009, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

---

[1]Contact with the Travis County DA's office indicates that a grand jury indicted the Defendant on the sexual assault charges, and they intend to prosecute that case.

2.    The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.    The Defendant received a copy of the Petition naming him, and he read it.

4.    The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.    The Defendant waived his preliminary hearing.

6.    The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

7.    The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.    The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9.    The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.    The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.    The Defendant violated conditions of his supervised release by: (1) committing a new criminal offense, *i.e.*, possession of cocaine; (2) failing to report to the Probation Office for the month of February 2009; (3) failing to notify the Probation Office within 72 hours of his arrest by Austin authorities; and (4) failing to submit to urinalysis on multiple occasions in January and February 2009.

## III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the

intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 33 to 41 months of imprisonment. Because the maximum term permitted by statute is 36 months, the range is actually 33-36 months. Having considered all of the matters presented at the hearing and the file in this case, this Court RECOMMENDS that the Defendant be sentenced to 36 months of imprisonment, with no supervised release to follow.

## IV. <u>WARNINGS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within ten (10) days after being served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 15th day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE